IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) | |
| Plaintiff, ) | |
| and ) | |
| ) | Civil No. 03-3296 (DSD/JSM) |
| GLENDA ROBERTSON, ) | |
| ) | **SETTLEMENT AGREEMENT** |
| Plaintiff-Intervenor, ) | |
| v. ) ) | |
| COCA-COLA ENTERPRISES INC. d/b/a ) MIDWEST COCA-COLA BOTTLING CO., ) ) | |
| Defendant. ) | |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on May 30, 2003, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant, Coca-Cola Enterprises Inc. d/b/a Midwest Coca-Cola Bottling Co. ("Defendant"), discriminated against Glenda Robertson by failing or refusing to hire her for a merchandiser position on the basis of her race and sex. Robertson intervened in the lawsuit.

Defendant denies that it has committed any of the violations alleged by the EEOC and Robertson, and there have been no findings of fact by the Court regarding the EEOC's or Robertson's allegations that Coca-Cola Enterprises Inc. engaged in discriminatory behavior. The EEOC and Defendant (hereinafter referred to as "the parties") have agreed to settle the EEOC's claims in order to reach an amicable resolution of the EEOC's claims and avoid further litigation. This Agreement does not resolve Glenda Robertson's claims in the lawsuit.

The terms of the Agreement are set forth below.

A.   Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of race and/or sex discrimination as prohibited by 42 U.S.C. §2000e, et. seq. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful employment practice by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

B.   Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C.   Training

Defendant certifies that it presently provides appropriate training to its human resource, supervisory and managerial personnel involved in the interviewing, hiring and selection process of employees. Such training includes diversity, EEO and discrimination issues in the hiring process and the workplace. Defendant will continue to provide such training for all human resource employees, supervisors and managers involved in the selection and hiring process during the period of the Agreement.

D.   Anti-Discrimination Policy

Defendant certifies to the EEOC that it has consistently maintained and published an anti-discrimination policy. Such policy specifically outlines the procedures for reporting and investigating complaints of race and sex discrimination, and includes the names of persons to whom discrimination complaints should be made. Defendant affirms that this policy is

disseminated to all employees.

  E. <u>Record-keeping and Reporting</u>

For two years from the date of this Agreement, Defendant shall continue to maintain a system of records that identifies all individuals by race and sex who applied for an open merchandiser position, and all individuals hired for a merchandiser position by race and sex at Coca-Cola Enterprises' Eagan, Minnesota facility. Defendant shall also maintain records of all women who have identified themselves as African American who apply for an open merchandiser position at the Eagan, Minnesota facility, and these records for African American women shall indicate the following: (1) whether the individual was interviewed; (2) whether the individual was hired; (3) whether the individual passed the pre-employment screening process, if applicable; (4) if the individual failed the pre-employment screening process, the reason for failure; and (5) the reason for the rejection. This information will be provided to the EEOC every six months throughout the term of this Agreement with the first reports being due six months after this Agreement is executed by the parties.

  F. <u>Recruitment</u>

Defendant agrees to continue to advertise its open positions with media outlets serving the minority communities, including the African American community.

Defendant agrees to continue its partnership with the Minneapolis Urban League through its Economic Development program to actively recruit and prepare black women for careers as merchandisers with Coca-Cola Enterprises. This partnership will be expanded to include a Coca-Cola Enterprises human resources representative and a merchandiser supervisor meeting with black women, identified by the Minneapolis Urban League, who are interested in working as a

merchandiser. Coca-Cola Enterprises Inc. representatives will explain the application, interview and selection process at Coca-Cola Enterprises Inc. Defendant will provide information on the selection criteria used to evaluate applicants and the simulation test. Defendant will also provide information on the merchandiser position including job duties and qualifications.

Furthermore, Defendant will continue to participate in June 2005 as an exhibitor at "The Gathering: Women of Color Expo," at the same sponsorship level as in June 2004. A Coca-Cola Enterprises employee will attend the event, and provide information about employment at Coca-Cola Enterprises, and accept applications for open positions completed by prospective employees onsite at the event.

      G.      <u>Enforcement of Agreement</u>

If at any time while this Agreement is in force, the EEOC believes that a violation of this Agreement has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

      H.      <u>Enforcement of Terms of Agreement and Jurisdiction</u>

Upon execution of the Agreement by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), to dismiss the EEOC's case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the

Agreement.

The affirmative obligations under this Agreement shall be effective and binding upon the parties for the period of two calendar years from the day of execution by the parties. This Court shall retain jurisdiction of this action for the purpose of enforcing this Agreement and entry of such orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the two year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the two year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Agreement will expire without further motion by any party.

I have read the foregoing Agreement, and accept and agree to the provisions contained therein.

Dated:      6/21/04                         s/ Rosemary J. Fox
                                            Jean P. Kamp
                                            Regional Attorney


Dated:      6/22/04                          s/ Tina Burnside
                                            Tina Burnside (WI#1026965)
                                            Equal Employment Opportunity Commission
                                            Minneapolis Area Office
                                            330 Second Avenue South, Suite 430,
                                            Minneapolis, MN 55401-2224
                                            Telephone: (612) 335-4047

                                            Attorneys for Plaintiff EEOC

Dated:     6/18/04              s/ Patrick R. Martin
                                Barbara Jean D'Aquila (#2112X)/Patrick R. Martin
                                FLYNN, GASKINS & BENNETT, L.L.P.   (0259445)
                                333 South Seventh Street, 29th Floor
                                Minneapolis, MN 55402
                                (612) 333-9500


Dated:     6/17/2004            s/ E. Todd Presnell
                                E. Todd Presnell
                                MILLER & MARTIN PLLC
                                1200 One Nashville Place
                                150 Fourth Avenue North
                                Nashville, Tennessee 37219
                                (615) 244-9270

                                Attorneys for Coca-Cola Enterprises Inc. d/b/a
                                Midwest Coca-Cola Bottling Company